(Reap. Dec. 10133)

CHAIN BIKE CORPORATION JAMES G. WILEY ET AL. } v. UNITED STATES

Entry No. 1556, etc.

(Decided December 28, 1961)

*Barnes, Richardson & Colburn* for the plaintiffs.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement, enumerated in the schedule attached to and made a part of this decision, involve the proper value for dutiable purposes of certain bicycles.

Said appeals have been submitted for decision upon a stipulation of the parties hereto, wherein it has been agreed that, on or about the date of exportation of the involved merchandise, such or similar merchandise was not freely offered for sale in the principal markets of the country of exportation to all purchasers for home consumption or for exportation to the United States. It was stipulated further that, on or about the said date of exportation, such or similar imported merchandise was not freely offered for sale to all purchasers in the principal markets of the United States. The parties hereto agreed that the cost of production of such merchandise is equal to the invoice price, less the proportionate part of items of ocean freight, insurance, and consular fee, as invoiced.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the bicycles in issue and that such value is the invoice price, less the proportionate part of items of ocean freight, insurance, and consular fee, as invoiced.

Judgment will be entered accordingly.